### The STATE of Ohio, Appellee,

v.

### McCARTY, Appellant.

[Cite as *State v. McCarty,* 154 Ohio App.3d 737, 2003-Ohio-5199.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–01–1316.

Decided Sept. 30, 2003.

738

Julia R. Bates, Lucas County Prosecuting Attorney, and Eric Baum, Assistant Prosecuting Attorney, for appellee.

David Bodiker, State Public Defender, and T. Kenneth Lee, Assistant Public Defender, for appellant.

SINGER, Judge.

{¶ 1} On March 29, 2000, appellant, David A. McCarty, was the driver of a vehicle pursued by Michigan police on Interstate 75. When appellant crossed into Ohio, Toledo police joined the chase. Appellant did not stop until road spikes placed across the interstate deflated all four of his tires.

{¶ 2} Charged with failing to comply with an order or signal of a police officer, a violation of R.C. 2921.331, appellant pled not guilty. The matter proceeded to a jury trial in the Lucas County Court of Common Pleas. During the trial, the court permitted jurors to submit written questions for the witnesses. These questions were screened by the judge in consultation with both attorneys. Questions which survived objection were posed to the witness by the court. Appellant was found guilty as charged and sentenced to a four-year term of incarceration. This is a delayed appeal of that conviction.

{¶ 3} In two assignments of error, appellant contends that the trial court's decision to permit juror questions denied him his constitutional right to a fair trial and that his trial counsel was ineffective for failing to object to juror questioning.

{¶ 4} Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.

{¶ 5} Permitting juror questions is not inherently prejudicial to a defendant, *State v. Fisher,* 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9, but a permissible practice to be used in the sound discretion of the court. Id. at the syllabus. As employed here, the trial court utilized exactly the procedure approved by the Supreme Court of Ohio in *Fisher* at ¶ 29. Accordingly, appellant's first assignment of error is not well taken.

{¶ 6} As trial counsel's performance was not deficient in failing to object to a permissible practice, there can be no ineffective assistance of counsel in this respect.

{¶ 7} Accordingly, appellant's second assignment of error is not well taken.

{¶ 8} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.

Judgment affirmed.

PETER M. HANDWORK, P.J., and MARK L. PIETRYKOWSKI, J., concur.